UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEPH TOMAS                                    :
                                                :
v.                                              :      C.A. No. 20-00235-WES
                                                :
SAGE M. BUCKLEY, et al.                         :


## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge


Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant Progressive Casualty Insurance Company's ("Progressive's") Motion to Dismiss. (ECF No. 52).  For the following reasons, I recommend that Progressive's Motion to Dismiss be GRANTED.

### Background

On October 14, 2018, Plaintiff's car collided with a car that was owned by Corey Hodson but was driven by Sage Buckley.  (ECF No. 25 at pp. 1-2).  Plaintiff asserts he sustained injuries as a result of the accident.  Plaintiff brought the present suit pro se, and sued Ms. Buckley, Mr. Hodson, and Progressive, the liability insurer of Mr. Hodson.

In the Complaint and Amended Complaint, Plaintiff makes claims directly against Progressive that relate to Progressive's lack of payment and commitment to make payment to Plaintiff's medical providers.  He requests an award of $150,000.00 for medical expenses and $150,000.00 for pain and suffering as well as punitive damages against Progressive for $300,000.00.  He alleges, inter alia, that Progressive's failure to pay under its policy caused issues with his rental car and his ability to receive medical treatment for his injuries.  He states, for

example, that Progressive "had evade Liability by indirectly denying the plaintiff's claim," and that "Progressive insurance intentionally left the plaintiff without the medical care needed by causing all the plaintiff's medical appointments to be cancelled." (ECF No. 25 at p. 3). He states, "Progressive insurance later communicated to health care providers who were treating the plaintiff that the claim is under investigation." Id. at p. 2. He further alleges that "Progressive Knowingly placed dought [sic] in the future financing of the plaintiff's treatments which lead [sic] to a complet [sic] stop." Id. He alleges that Progressive "had history of avoiding payments then use oral communications with health care providers about investigating the plaintiff to avoid future coasts [sic] and Lower future compensations for the plaintiff." Id. at p. 3. His factual allegations must be accepted as true in considering Progressive's Motion to Dismiss.

Progressive filed the instant dispositive Motion on July 23, 2020. (ECF No. 52). Pursuant to Local Rule Cv 7(a)(3), Plaintiff's Opposition to was due by August 6, 2020. To date, Plaintiff has neither filed an opposition to Progressive's Motion nor sought an extension of time to file an Opposition. At this point, Plaintiff's Opposition is overdue and thus Progressive's Motion to Dismiss is Unopposed.

**Discussion**

**A.    Standard of Review**

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state

a cause of action in accordance with the law, the motion to dismiss must be denied.  Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559).  See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).

B.    **Summary of Factual Allegations and Arguments**

Plaintiff's Amended Complaint asserts claims against Progressive stemming solely from its position as Mr. Hodson's insurer.  Progressive's Motion to Dismiss contends that Plaintiff, as a stranger to the insurance contract he is seeking to enforce, is barred both by common law and statute from maintaining his action against Progressive at this time.  The Court agrees.

Progressive argues that as a matter of contract law, Plaintiff's attempt to enforce the contract that exists between Progressive and its insured, Mr. Hodson, must fail.  Progressive contends that under common law, as neither a party nor third-party beneficiary to the contract, Plaintiff lacks standing to pursue his claims seeking breach of contract, a determination of the rights and obligations under the contested policy nor his derivative claim for punitive damages.

-3-

Next, Progressive argues that Plaintiff is statutorily prohibited from asserting a direct action against it under R.I. Gen. Laws § 27-7-6.  (ECF No. 52-1 at p. 5-6).  Rhode Island's "Direct Action Statute" expressly prohibits a direct action against an insurer prior to obtaining judgment against the insured except in very limited circumstances, which are not met in this case.  Id.  The statute states that an injured party "in his or her suit against the insured, shall not join the insurer as a defendant…" but, "after having obtained judgment against the insured alone, may proceed on that judgment in a separate action against the insurer…"  R.I. Gen. Laws § 27-7-6.  Moreover, in Richmond Motor Sales, Inc. v. Nationwide Mut. Ins. Co., No. PC-13-3954, 14-3632, 14-3636, 2015 WL 9234198, *5 (R.I. Super. Ct. Dec. 11, 2015) the Rhode Island Superior Court stated that the statute "makes clear that the injured party, barring extenuating circumstances, shall not sue the insurer directly; rather, proper procedure is to sue the insured and then proceed on a separate action against the insurer."  The Superior Court outlined three circumstances which permit a direct action against the insurer: (1) when the injured party is unable to effectuate service; (2) when the insured has died before suit; and (3) when the injured party has obtained a judgment against the inured in a separate action which remains unsatisfied.  Id.  None of the three recognized exceptions to the statutory bar against direct actions apply to the present facts.  After considering both the common law and statutory bars to the present suit, the Court finds that Plaintiff lacks standing to pursue his claims against Progressive.

**Conclusion**

For the foregoing reasons, I recommend that Progressive's Motion to Dismiss (ECF No. 52) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.

-4-

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1ˢᵗ Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1ˢᵗ Cir. 1980).


　/s/　Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 27, 2020